United States District Court
Southern District of Texas
**ENTERED**
October 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| KYLE PLEDGER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:15-CV-64 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT MOTION FOR CLARIFICATION, TO DENY MOTION FOR RECONSIDERATION, AND TO DISMISS REMAINING DEFENDANTS

In this prisoner civil rights action, Plaintiff Kyle Pledger raises Eighth Amendment claims concerning the denial of adequate medical care for his strangulated hernia. On March 31, 2017, District Judge Lynn N. Hughes entered an "Order on Partial Dismissal," which granted a motion to dismiss and motion for summary judgment filed by certain defendants. (D.E. 47). As part of the March 31 Order, Judge Hughes ordered these defendants "to file a motion to dismiss or for summary judgment on the remaining claims or file an explanation of the facts in issue." (D.E. 47, p. 2).

Pending before the Court are the following motions: (1) Joint Motion for Clarification filed by Defendants Brad Livingston, William Stephens, Jimmy Smith, and Lanell Doss (D.E. 48); and (2) Plaintiff's Response to the March 31 Order, which the undersigned construes as his Motion for Reconsideration (D.E. 50). For the reasons stated herein, it is respectfully recommended that the Motion for Clarification be granted to the extent that: (1) all claims asserted against them by Plaintiff should be recognized as

dismissed pursuant to the Court's March 31 Order; (2) Defendant Hightower should be dismissed without prejudice from this action; and (3) Drs. Margaret de la Garza Graham and Ojoolut Olugbenga should be added as party defendants. It is respectfully recommended further that Plaintiff's Motion for Reconsideration be denied. Lastly, it is respectfully recommended that Plaintiff's remaining claims against Drs. de la Garza Graham and Olugbenga be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## I.    JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff, who has paid the filing fee and is proceeding *pro se*, is an inmate incarcerated at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beeville, Texas. Plaintiff is serving twelve-year concurrent sentences for sixteen sexual assault and indecent-contact-with-a-child convictions out of Bexar County, Texas. He was sentenced on September 2, 2008.

Plaintiff asserts Eighth Amendment claims of deliberate indifference in connection with his stay at the Stevenson Unit in Cuero, Texas. Plaintiff alleges that he has a strangulated hernia which Defendants failed to attend to in an adequate fashion over a two-year period of time, resulting in his condition worsening and ultimately requiring emergency surgery. Plaintiff named the following individuals as defendants in his Original Complaint: (1) Livingston, the former TDCJ Executive Director; (2) Stephens,

the former TDCJ Director; (3) Smith, Warden of the Stevenson Unit; (4) Allen Hightower, Director of TDCJ Managed Health Care; and (5) and Doss, Registered Nurse at the University of Texas Medical Branch (UTMB), Stevenson Unit Infirmary. Plaintiff seeks compensatory relief.

On October 16, 2015, Plaintiff filed a motion seeking leave to amend his complaint. (D.E. 4). Plaintiff sought to remove Director Hightower as a party defendant and add Dr. de la Garza Graham, head of the TDCJ's Correctional Managed Health Care Committee, in his place. (D.E. 4). Plaintiff further sought to add Dr. Olugbenga, Director of the TDCJ's unit infirmary, as another party defendant. (D.E. 4). District Judge Hughes entered an Order on October 19, 2015, stating that Plaintiff "may amend his complaint." (D.E. 5).

On January 12, 2016, District Judge Hughes ordered Plaintiff to file a more definite statement. (D.E. 7). Two days later, District Judge Hughes ordered service of Plaintiff's complaint on the five defendants named in the original complaint, including Hightower. (D.E. 8). In a letter dated February 15, 2016, Plaintiff stated that he had previously submitted an amended complaint deleting Hightower as a defendant and adding Drs. de la Garza Graham and Olugbenga as defendants. (D.E. 14). On February 22, 2016, Plaintiff filed his More Definite Statement in which he identified the following individuals in their individual and official capacities as defendants in this case: (1)

Livingston; (2) Stephens; (3) Smith; (4) Dr. de la Garza Graham; (5) Dr. Olugbenga; and (6) RN Doss.[1]

Plaintiff made the following allegations in his Original Complaint and More Definite Statement. On January 18, 2013, while in the emergency room at the Cuero Community Hospital (CCH), Dr. Craig Helfrich noticed evidence that Plaintiff had a strangulated hernia. (D.E. 1, p. 4). Dr. Helfrich informed Plaintiff that he should get surgery as soon as possible. (D.E. 1, p. 4). That same day, RN Doss and a nurse practitioner were instructed to monitor Plaintiff's condition and return him to the CCH-ER when Plaintiff's condition worsened. (D.E. 1, p. 4).

Plaintiff's strangulated hernia was effectively ignored for two years, and he was told to "suck it up" and "stop complaining" about his condition. (D.E. 1, p. 4). On November 22, 2013, RN Doss watched as LVN Sophia Bustos opened the inflammation area on Plaintiff's back and applied pressure causing pus to spray out. (D.E. 16, p. 6). That same day, RN Doss failed to provide Plaintiff with any information as to what medications should be prescribed to him. (D.E. 16, p. 21).

On January 9, 2015, Plaintiff began to experience "life threatening consequences" as a result of his hernia in the form of groin swelling and abdominal complaints. That night, RN Doss failed to sign off on a report that Plaintiff had not been able to reduce his hernia over the last day and proceeded instead not to treat Plaintiff while making

---

[1] On March 24, 2016, Plaintiff filed a related civil rights action, asserting that several medical care providers and nurses acted with deliberate indifference to his serious hernia condition. (*Pledger v. Merchant-McCanbry, et al.*, 6:16-CV-17 (*Pledger II*)). Plaintiff subsequently filed a Statement of Facts in *Pledger II*, in which he detailed the alleged deficient medical attention provided to him over a two-year period for his strangulated hernia. (*Id.*, D.E. 10). On October 17, 2017, Magistrate Judge Jason B. Libby ordered service of Plaintiff's original complaint and the Statement of Facts in *Pledger II* on the named medical officials. (*Id.*, D.E. 14).

derogatory remarks and laughing at Plaintiff.  (D.E. 1-2, p. 3).  RN Doss further: (1) would not sign a three-day cell restriction pass; (2) refused to allow Plaintiff to return to his cell in a wheelchair, and (3) allowed "Acetaminophen 325MG to be dispensed without comment or complaint."  (D.E. 16, pp. 9, 15, 22).  On January 11, 2015, Plaintiff was returned to the CCH-ER with a "fully impacted" hernia for immediate surgery.  (D.E. 1-1, p. 1; D.E. 16, p. 10).

On March 14, 2016, Defendants Livingston, Smith, and Stephens filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.E. 19).  These defendants contended that: (1) the Eleventh Amendment barred any claims against them for damages in their official capacities; (2) Plaintiff had failed to allege the requisite personal involvement for each defendant; and (3) each of these defendants was entitled to qualified immunity.  (D.E. 19).

On June 27, 2016, RN Doss filed a motion for summary judgment.  (D.E. 36).  She contended that: (1) Plaintiff only exhausted his deliberate indifference claim with respect to his interaction with RN Doss on January 9, 2015; (2) all claims for money damages against RN Doss in her official capacity are barred by the Eleventh Amendment; (3) Plaintiff cannot establish that RN Doss acted with deliberate indifference to his serious medical needs; and (4) RN Doss is entitled to qualified immunity.  (D.E. 36).

In his March 31 Order, District Judge Hughes first granted the motion to dismiss, concluding that Plaintiff's pleadings had failed to show any personal involvement by Defendants Livingston, Stephens, and Smith in the actions underlying Plaintiff's claims.  (D.E. 47, p. 1).  With respect to RN Doss's summary judgment motion, the Court

concluded that Plaintiff had failed to exhaust his administrative remedies against Doss, with one exception being Plaintiff's interaction with RN Doss on January 9, 2015. (D.E. 47, p. 2). On that claim, the Court concluded that summary judgment was appropriate because RN Doss did not act with the requisite deliberate indifference to Plaintiff's serious medical needs. (D.E. 47, p. 2). Lastly, the Court ordered Defendants "to file a motion to dismiss or for summary judgment on the remaining claims or file an explanation of the facts in issue." (D.E. 47, p. 2).

In response to the March 31 Order, Defendants Doss, Livingston, Stephens, and Smith filed a Joint Motion for Clarification on April 4, 2017. (D.E. 48). Plaintiff subsequently filed his Motion for Reconsideration. (D.E. 50). On September 27, 2017, this action was reassigned to District Judge Hayden Head (D.E. 51).

### III. DEFENDANTS' MOTION FOR CLARIFICATION.

In their Joint Motion for Clarification, Defendants Doss, Livingston, Stephens, and Smith seek guidance from the Court in interpreting the March 31 Order. (D.E. 48). These defendants believe that no more defendants remain in this action and that all claims have been resolved. (D.E. 48, p. 1).

A review of the Court's March 31 Order reveals that all of Plaintiff's claims against Defendants Doss, Livingston, Stephens, and Smith have been resolved. (D.E. 47). Confusion exists, however, as to whether additional claims remain against any other defendant. Plaintiff moved to amend this action on October 16, 2015, when he sought to remove Director Hightower as a party defendant and add Drs. de la Garza Graham and Olugbenga. While instructing Plaintiff that he "may amend his complaint," the Court

never formally granted Plaintiff's motion to amend. (*See* D.E. 5). The Court then: (1) instructed Plaintiff to file a more definite statement; and (2) ordered service of Plaintiff's complaint two days later on the five defendants named in the original complaint, including Hightower. (D.E. 7, 8). Plaintiff filed his More Definite Statement in which he identified Drs. de la Garza Graham and Olugbenga as two of the party defendants in this case. (D.E. 16, p. 2).

In light of Plaintiff's motion to amend and his More Definite Statement, the undersigned finds that Plaintiff's action should be amended to add Drs. de la Garza Graham and Olugbenga as party defendants and to dismiss Defendant Hightower without prejudice. Accordingly, it is respectfully recommended that the Motion for Clarification filed by Defendants Doss, Livingston, Stephens, and Smith be granted to the extent that: (1) all claims asserted against them by Plaintiff should be recognized as dismissed pursuant to the Court's March 31 Order; (2) Defendant Hightower should be dismissed without prejudice from this action; and (3) Drs. de la Garza Graham and Olugbenga should be added as party defendants.

## IV. CLAIMS AGAINST DRS. DE LA GARZA GRAHAM AND OLUGBENGA

In the March 31 Order, the Court ordered Defendants "to file a motion to dismiss or for summary judgment on the remaining claims or file an explanation of the facts in issue." (D.E. 47, p. 2). In light of the undersigned's recommendation addressing the Motion for Clarification, it is unnecessary to require any defendant to respond to the March 31 order as Plaintiff's remaining claims against Drs. de la Garza Graham and Olugbenga are subject to dismissal as discussed below.

### A. Legal Standard.

Pursuant to 28 U.S.C. § 1915A, "the court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Any claim brought in a prisoner action brought under federal law must be dismissed if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 42 U.S.C. § 1915A(b).[2] Plaintiff's claims against the new defendants, Drs. de la Garza Graham and Olugbenga, are subject to screening even though he has prepaid the initial filing fee. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam). *See also Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) ("The plain language of [1915A] … indicates that it applies to any suit brought by a prisoner regardless of whether that prisoner is or is not proceeding [*in forma pauperis*]."

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when the complaint does

---

[2] A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). This section is inapplicable to this action as Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*.

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

B. **Official Capacity Claims**

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh

Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing Drs. de la Garza Graham and Olugbenga in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Drs. de la Garza Graham and Olugbenga in their official capacities be dismissed with prejudice.

### C.   Claims against Supervisory Defendants.

Plaintiff sues Drs. de la Garza Graham and Olugbenga as supervisory officials. Plaintiff alleges that Dr. de la Garza Graham holds a leadership position to ensure adequate medical care for all inmates and that "[s]he is generally responsible as first in rank … for medical misconduct toward any inmate." (D.E. 16, p. 2). Plaintiff further alleges that Dr. Olugbenga is legally responsible for the violation of an inmate's civil rights and for any medical violations or misconduct by a staff employee in the Stevenson Unit's Infirmary. (D.E. 16, p.2).

It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins,* 828 F.2d at

303-04. *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).

Plaintiff's allegations fail to suggest that either Dr. de la Garza Graham or Dr. Olugbenga had any personal involvement in Plaintiff's treatment for his strangulated hernia during the relevant time periods between January, 2013 and January, 2015. Accordingly, it is respectfully recommended that Plaintiff's claims against Drs. de la Garza Graham or Dr. Olugbenga in their supervisory capacities be dismissed for failure to state a claim and/or as frivolous.

V. **PLAINTIFF'S MOTION FOR RECONSIDERATION**

On April 20, 2017, Plaintiff filed a response to the Court's March 31 Order, which he describes therein as his "Objections" to the findings and conclusions contained in the partial dismissal order. (D.E. 50). As noted above, the undersigned construes this pleading as a motion seeking reconsideration of the March 31 Order.

The decision whether to grant a motion to reconsider is within the discretion of the court. *United States v. Renda*, 709 F.3d 472, 478-79 (5th Cir. 2013). A district court may reconsider a prior interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010) (quoting

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). Such motions to reconsider in general "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 12532137, at * (N.D. Tex. Jun. 22, 2015) (internal quotations and citations omitted). Parties should not use motions to reconsider either to rehash old arguments or to "raise arguments that could have been presented earlier." *Id.* (internal quotations and citation omitted).

Plaintiff seeks reconsideration of the March 31 Order only with respect to the decision to grant RN Doss's summary judgment motion. The Court first concluded that Plaintiff had failed to exhaust his administrative remedies against Doss, with one exception being Plaintiff's interaction with RN Doss on January 9, 2015. (D.E. 47, p. 2). As to the claim referencing events on January 9, 2015, the Court concluded that summary judgment was appropriate because RN Doss did not act with the requisite deliberate indifference to Plaintiff's serious medical needs on January 9, 2015. (D.E. 47, p. 2).

On the issue of exhaustion, Plaintiff argues that he filed Step 1 and Step 2 grievances in which he complained of events occurring on January 9-11, 2015. (D.E. 50, p. 2). However, a review of Plaintiff's Step 1 and Step 2 grievances, dated January 23 and March 1, 2015, respectively, reflects that Plaintiff's complaints regarding RN Doss were confined to her interaction with Plaintiff on January 9, 2015. (D.E. 36-5, pp. 3-6). Plaintiff, therefore, presents nothing to alter the Court's decision granting summary judgment on Plaintiff's claims against RN Doss, with the exception of the interaction

occurring on January 9, 2015, for failure to exhaust administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004) (recognizing that the Fifth Circuit requires a prisoner to pursue a particular grievance thorough both steps of the TDCJ procedure for presenting administrative grievances for the claim to be considered exhausted).

Plaintiff next challenges the Court's conclusion that RN Doss did not act with deliberate indifference to Plaintiff's serious medical needs on January 9, 2015. (D.E. 50, pp. 3-5). Much of Plaintiff's argument revolves around his dissatisfaction with the medical treatment he received for his strangulated hernia over a two-year period. He specifically contends that RN Doss was aware of his serious condition over the two-year period but yet failed to provide appropriate care to Plaintiff on January 9, 2015. (D.E. 50, pp. 3-5).

Defendant Doss presented competent summary judgment evidence to show that, on January 9, 2019: (1) RN Doss observed a licensed vocational nurse (LVN) examine Plaintiff; (2) RN Doss assured Plaintiff that the LVN would process Plaintiff's complaints; (3) the LVN reported the results of her examination of Plaintiff to the medical provider; and (4) the medical provider gave orders to provide Plaintiff with Tylenol, a hernia belt, and instructions to return to the clinic as needed. (D.E. 36-1; p. 4; D.E. 36-2, p. 3). Plaintiff neither presents arguments nor offers new evidence to change the Court's conclusion that RN Doss did not act with deliberate indifference to Plaintiff's serious medical needs on January 9, 2015. At best, Plaintiff's arguments reflect his disagreement with the medical care he received by RN Doss on that day. *See Stewart v.*

*Murphy*, 174 F.3d 530, 537 (5th Cir. 1999) (recognizing that an inmate's disagreement with his medical treatment does not amount to an Eighth Amendment violation).

Because Plaintiff has failed to offer any compelling reason entitling him to relief from the March 31 Order, it is respectfully recommended that Plaintiff's Motion for Reconsideration (D.E. 50) be denied.

## VI. RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that the Motion for Clarification filed by Defendants Doss, Livingston, Stephens, and Smith (D.E. 48) be **GRANTED** to the extent that: (1) all claims asserted against them by Plaintiff should be recognized as dismissed pursuant to the Court's March 31 Order; (2) Defendant Hightower should be dismissed without prejudice from this action; and (3) Drs. de la Garza Graham and Olugbenga should be added as party defendants.  It is respectfully recommended further that Plaintiff's Motion for Reconsideration (D.E. 50) be **DENIED**. Lastly, it is respectfully recommended that Plaintiff's remaining claims against Drs. de la Garza Graham and Olugbenga be **DISMISSED WITH PREJUDICE**  for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Respectfully submitted this 26th day of October, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).